## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 07-61593 |
| ) | |
| SUZANNE K. WELLS, ) | CHAPTER 7 |
| Debtor. ) | |
| ) | JUDGE RUSS KENDIG |
| ) | |
| TAMMAC HOLDINGS CORP., ) | ADV. NO. 07-06138 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| SUZANNE K. WELLS, ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | **(NOT INTENDED FOR** |
| ) | **PUBLICATION)** |

Now before the court is Plaintiff Tammac Holdings Corporation's motion for judgment on the pleadings, brought pursuant to Bankruptcy Rules 7008 and 7012, incorporating Federal Rules of Civil Procedure 8(b) and 12(c) into bankruptcy practice. Plaintiff filed its motion for judgment on the pleadings on September 26, 2007. Defendant filed her objection on October 3, 2007. Plaintiff filed a reply on October 5, 2007, and Plaintiff filed a response to that reply on October 9, 2007.

The court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

After reviewing the motions of the parties, the court deems it proper to stay its consideration of the allegations of fraud and conversion raised in Plaintiff's adversary complaint. This applies equally, for the moment, to Plaintiff's claims under 11 U.S.C. § 727 because those claims rely on the same allegations of fraud and conversion that are currently being prosecuted elsewhere. Indeed, the complaint reads like a tort complaint for fraud and conversion with some allegations of § 727 violations appended at the end of each count. Specifically, the court notes the proceeding in the Tuscarawas County Court of Common Pleas captioned State of Ohio v. Wells, Case No. 2007-CR-05-0192, in which Defendant is already facing prosecution for three counts of passing bad checks, twenty-two counts of grand theft, and four counts of theft. It appears to the court that each transaction at issue in the instant adversary proceeding is already a subject of that prosecution. That criminal trial is scheduled for November 27, 2007. The court notes that the initial pretrial in this adversary proceeding is not scheduled until November 14, 2007. Any trial in this court would not occur until after November 27, 2007.

The court is in general agreement with Plaintiff that Defendant's refusal to answer a single allegation in the complaint and blanket assertion of Fifth Amendment privilege is constitutionally improper. The invocation of the Fifth Amendment must be done with particularity. North River Ins. Co., Inc. v. Stefanou, 831 F.2d 484 (4th Cir. 1987). However, Plaintiff's reliance on that case vindicates its argument on the substance of the law, but not on the remedy sought. In the above case, a judgment holding that, pursuant to Federal Rule of Civil Procedure 8(d), the defendant was deemed to have admitted all allegations in the plaintiff's complaint (thus meriting judgment on the pleadings for the plaintiff) was only proper because the defendant persisted in his refusal to respond to the complaint even at hearings in the trial court, and never even asked for permission to amend his answer until the case was already on appeal. This amounted to a "strategy that effectively negated a fair balancing of his interests against the interests of those pursuing a claim against him, and the interests of society in the expeditious resolution of litigation," Stefanou at 486, and "left the district court with no reasonable alternative other than to enter judgment against him." Id. at 487.

This adversary proceeding, by contrast, has not even reached a pretrial conference yet, much less a hearing. Defendant has already moved for leave to file an amended answer. In addition, waiting until after the criminal trial will avoid duplicative factfinding and allow many, if not all, of the issues on which Defendant currently asserts Fifth Amendment privilege in this court to be resolved in the common pleas court.

The court therefore grants Defendant leave to file an amended answer until December 28, 2007. The court will enter an order to this effect contemporaneously with this decision.

/s/ Russ Kendig

OCT 1 9 2007

RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Tammac Holdings Corporation
275 Mundy Street
Wilks-Barre, Pa 18702
United States

David L. Delk, Jr.
1226 Chapline St.
PO Box 351
Wheeling, WV 26003

Suzanne K. Wells
217 Center Street
Dennison, OH 44621-1433

Anthony J DeGirolamo
116 Cleveland Ave., N.W.
Suite 625
Canton, OH 44702